## PALMER v. TOWN OF CARROLL.

A town record stated that a surveyor of highways "took the oath of office prescribed by law;" *held*, sufficient.

When a town choose surveyors of highways, it is not necessary that the vote of the town should assign a particular district to each surveyor; that is properly left to be done by the selectmen.

In an action by a surveyor of highways to recover of a town the price of materials furnished by him for repairs of a bridge, if the surveyor used his best judgment in deciding on the necessity of the repairs, the town cannot introduce evidence before the jury to shew that the repairs were not in fact necessary.

If, for the necessary repairs of a bridge, a surveyor of highways take materials for which no price had been fixed by the town or selectmen, of one who owed a tax on his list, and discharge the tax, he may recover of the town under the statute the price of such materials, unless in accounting with the town he discharges himself from the tax, by shewing that he received it in materials which he applied to the use of the town.

ASSUMPSIT, for the price of certain plank used by the plaintiff, as a surveyor of highways, to repair a bridge in Carroll, in June, 1847, and the expense of hauling them.

The plaintiff offered the records of the town to show that he was highway surveyor in the district No. 3, in that town, for the year 1847.

It appeared by the records that the annual meeting was held on the 9th day of March, 1847.

The following is a part of the record of the doings of the meeting:

"Chose Samuel Worthley moderator, to preside in said meeting, who, being present, took the oath of office by law prescribed."

"Chose Henry Palmer surveyor of highways, who, being present, took the oath of office by law prescribed."

The defendants objected to the record being received in evidence to show that Palmer was highway surveyor in district No. 3, for the following reasons: "1st. It does not appear by said record by whom said Worthley or said Palmer were sworn, nor that said Palmer was chosen highway surveyor for district No. 3."

The court held that the record was admissible, and that it was not necessary that surveyors should be chosen for a particular district, the law imposing on the selectmen the duty of defining the surveyors' districts, and that parol evidence was admissible to show before whom the oath of office was taken.

The selectmen's warrant to the defendant, addressed to him as "Surveyor of District No. 3," was produced, which contained a description of the limits of the district.

Parol evidence was introduced, tending to show that Palmer took the oath of surveyor before Worthley, the moderator.

The plaintiff offered evidence tending to show that the bridge was out of repair at the time the plank were used to cover the same. The defendants offered evidence to show that the bridge was not out of repair, and that the plank were not necessary to repair it. The plaintiff objected, and the court held that the surveyor was by law the judge of the necessity of such repairs, and, unless the evidence was of a character to impeach the good faith and integrity of the surveyor in the exercise of his judgment, the evidence was inadmissible. The defendants excepted to the ruling and withdrew the evidence.

The defendants also offered to show that the plaintiff contracted with one Smith for the plank, and agreed to allow for the same on Smith's highway tax in the district for that year, and that the same were delivered in pursuance of said contract, and applied in payment of Smith's tax; and contended that the expense of plank for bridges was not to be paid by the town, if the surveyor had sufficient taxes due upon his list; but the court ruled that the surveyor is bound to apply the amount of his list in labor upon the road, and that materials of this kind are to be paid for by the town.

A verdict was taken for the plaintiff, by consent, which the defendants moved to set aside on account of these rulings.

*Cooper*, for the plaintiff.

*Burns*, for the defendants.

PERLEY, J.  The town record stated that the plaintiff "took the oath of office prescribed by law." It was not necessary to set out on the record the exact form in which the oath was taken. The verdict cannot be set aside for the admission of parol evidence to a fact which was established by the record.

Selectmen, by law, annually limit the several surveyors' districts in their town, and they give to each surveyor a warrant and a list of the taxes within his district. The town may choose any number of surveyors they think expedient, and perhaps, by implication, may have the power thus to determine into how many districts the town shall be divided. But by the statute the selectmen are to fix the limits of the districts and assign them to the several surveyors. In this case the town appear to have chosen a certain number of surveyors, and left it properly to the selectmen to establish the limits of the several districts, and assign them to the respective surveyors. Rev. Stat., chap. 55, §§ 3 and 4. The man who is chosen or appointed surveyor of highways is bound under a penalty to assume and discharge the duties of the office, unless he can plead some special exemption. Rev. Stat., chap. 35, § 3. He is bound to see that the taxes committed to him are applied to the highways and bridges assigned to him for his district, or to account for the surplus; and he is also empowered to purchase all such timber, plank, and other materials, as are necessary for repairing the highways in his district; and it would clearly be his duty to exercise all these powers in order to keep the roads and bridges within his district in necessary repair. Rev. Stat., chap. 55, §§ 9 and 14. In case the town should be compelled to pay damages caused by any defect of highways and bridges in his district, if the defect was occasioned by his default or neglect the town have by statute a remedy over against him for the damage.

He is bound under this responsibility to make necessary repairs on roads and bridges within his district. He is obliged to decide and judge at his own peril whether the repairs are necessary. His duty in this respect is not merely ministerial. It is not a defined, specific thing which he is required to do; but the law

obliges him to decide for himself whether the repairs are necessary, and of course he is made the judge of that question. Within the limits of the means which the law places in his hands, he is entrusted with a discretion to make such repairs as he may deem to be necessary. In this matter he has no guide but his own judgment; he does not act under the direction of any other public officer. If he exercises his best judgment faithfully and diligently, within the limits of his legal authority, the town are bound by his acts. Any other rule which should subject him, when he claims under the law repayment of the money which he has disbursed for the town, to have his best judgment revised and reversed in a mere matter of opinion, would be extremely unreasonable. He acts as the public agent of the town, and the town are bound by his acts, fairly done within the scope of his authority. The ruling of the court on this point was correct. *Seaman* v. *Patten,* 2 Caines' Rep. 312; *People* v. *Lewis,* 7 Johns. Rep. 73. If the defendants could have shewn that the plaintiff acted in his office carelessly or corruptly, the case would have presented a different question. But they declined to introduce their evidence under the correct rule which the court laid down, and cannot complain.

A surveyor may receive a highway tax in cash, or he may, and perhaps, if duly tendered, he must receive it in work and materials at the prices fixed by the town or the selectmen. The case does not find that any price was fixed for plank like that which the plaintiff had of Smith. Indeed, it is not easy to understand how a price could be fixed in advance for such materials as might be accidentally required for the repair of bridges. At any rate, none was fixed in this case for the plank in question. The collector, therefore, had no right to receive the plank in payment of the tax. In accounting to the town he could not discharge himself from that tax by shewing that he had received it for the town in what the law did not authorize him to take. If the tax was legally discharged and paid by the plank, then the plaintiff was chargeable to the town for the tax, as cash received by him, and has or must account for it as such. A collector or

surveyor cannot discharge a tax without payment. He is authorized to receive payment of the tax, but not to discharge it without. This was decided in *Lisbon* v. *Bath*, 1 Foster's Rep. 319. If in this case the tax of Smith was not discharged, then of course the ground taken by the defendants fails, for the plank was not purchased with the tax.

There is no suggestion of any fraud in the transaction with Smith. The surveyor agreed to buy the plank, and having a tax against him, it was agreed that the price of the plank should go against the tax. Smith was bound to pay the tax, but it could not be paid in plank. If he had paid it in money, and the surveyor had repaid to him the same money for the plank, the idle ceremony of payment and repayment would not have changed the substance of the transaction; yet in that case this objection of the defendants would not apply. The surveyor having discharged the tax as on a payment of money, is liable precisely as if he had in fact received it. This is the only view of the matter which will warrant us in looking upon the tax as legally paid and discharged.

The defendants do not contend that the plaintiff has any money in his hands received on his tax list which they could set off against this claim. If the plaintiff had discharged himself from the tax of Smith by shewing that he had received it in plank, which had been applied to the use of the town, his present claim would be clearly unjust and unfounded. In that case, on the view above stated, he could be considered as having received his pay for the plank by appropriating to his own use the cash received on Smith's tax. We must understand that the plaintiff has accounted for the tax of Smith as if it had been received in money. If he has not so accounted for it, he must when duly called on for that purpose.

It is not necessary to decide whether the surveyor had power to purchase such materials with money received on his tax list. It is quite clear that if the taxes were required for other purposes, he was not bound to purchase such materials with money so received, but had authority to purchase the materials and

charge the town for them under the statute. We must then understand from this case that the plaintiff has legally expended and accounted for all his tax list, as the town do not attempt to shew the contrary; that he purchased or took the plank on account of the town for necessary repairs under the law. In equity and good conscience he is entitled to be paid, and we see no technical objection to prevent his recovering in this action.

*Judgment on the verdict.*